## No. 13,294.

### DENVER JOINT STOCK LAND BANK *v.* MOORE.

(25 P. [2d] 180)

Decided July 3, 1933. Rehearing denied September 18, 1933.

Mr. Osmer E. Smith, Mr. George L. Longfellow, Jr., for plaintiff in error.

Mr. J. Emery Chilton, for defendant in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

This case arises out of conflicting claims asserted against funds held by a garnishee. The latter is a sugar company which purchased sugar-beet crops from two separate tenant farmers who happen to have leased from the same landlord. The tenants were by agreement paid their respective shares of the proceeds. The moneys in controversy here, therefore, are simply those to which the landlord would have been entitled as rent in the absence of the claims. One claimant—plaintiff below and defendant in error here—is a judgment creditor; the other is an assignee, being the plaintiff in error bank, intervener below. The judgment creditor sued out an execution on her judgment, and the garnishment of the sugar company was in aid thereof, impounding the funds in question. The garnishee admitted in its original answer that it was indebted to the landlord; but, according to its supplemental answer three days later, the company learned in the meantime of two assignments alleged to have been made by the landlord to the bank. The assignee bank having filed its petition in intervention, the judgment creditor filed an answer to it; and to this answer the bank demurred. Evidence was thereupon taken, the court having declined to hear argument on the pending demurrer; the reason for which declination does not appear. Intervener's counsel was also denied the opportunity of arguing the case on its merits. The

petition in intervention was "dismissed for want of equity," and judgment was entered against the garnishee in favor of the judgment creditor. The intervener asks a reversal.

Under the evidence preserved in the record it is clear that neither the judgment creditor nor the garnishee had any knowledge or any actual or constructive notice of the assignments until after the garnishment; and it is equally clear that before the garnishment the judgment creditor's attorney ascertained by an examination of the public records of Weld county that there was no assignment on record. From the proceedings as reported in the bill of exceptions we infer not only that counsel for the judgment creditor went on the theory that such lack of notice was fatal to the intervener's claim, but that the trial judge shared this view. No authorities are cited in support of that position.

 A garnishment can reach only such property as belongs to the judgment debtor, who in this instance was the landlord. The allegations of the petition in intervention are sufficient to make out a prima facie case for the intervening assignee. They set forth among other things that prior to the garnishment the landlord assigned all his right, title and interest in and to the beet crops of both tenants, and authorized payment of the proceeds thereof, to the intervener. The latter gave a good and valuable consideration therefor. The evidence tends to prove that one, if not both, of the assignments was made long before the garnishment took place. Unless the failure to record or the lack of notice to the garnishee or the judgment creditor invalidates the assignee's claim as against the garnishment, such an assignment takes precedence over the garnishment lien. 5 C. J. 972, §163. Is there a valid assignment here?

 It is true that in the case of some writings— wage assignments, for example—the instrument must be recorded. (See C. L. '21, §4258.) Where the statute

does not require it, recording is not necessary. 28 C. J. 110, §153. It was not necessary in the present instance. Neither is it essential that notice of an assignment be given in advance to a garnishee, though in the absence of knowledge or notice a garnishee would unquestionably be protected against double payment if in pursuance of court orders he should pay under the garnishment in ignorance of the assignment; but, on the other hand, if during the pendency of the garnishment proceedings it is proved that an assignment antedating the garnishment was actually executed, the absence of previous notice to the garnishee is immaterial. As for a judgment creditor, he is not entitled to notice as such. Our conclusion is that the intervener pleads a valid assignment here. 28 C. J., supra.

█ █ Counsel for interveners complain of the trial court's ruling, above mentioned, in not permitting argument on a pending demurrer or after the evidence was all in; also because the demurrer was not first disposed of. The approved practice in Colorado is to dispose of pending demurrers before entering upon the main trial. And when attorneys express a desire to argue the law or the facts to the court in regular order, it is well for the judicial patience to accede to the request, exercising the right to keep the argument within reasonable bounds. An attorney who has faithfully worked in preparation for a hearing or trial can usually throw considerable light upon the case, whereas the trial judge, possibly under the stress of a crowded docket, has perhaps not had an opportunity to familiarize himself with the pleadings. Such an argument might have enabled the court below to avoid its erroneous conclusion. As it is, the judgment of the district court must be reversed, and the case remanded for further proceedings in harmony with this opinion.

Judgment reversed and case remanded.